JESSICA G. WILSON (SBN 254366)
jessica.wilson@dinsmore.com
CHARLES M. ROESCH
chuck.roesch@dinsmore.com (*pro hac vice* forthcoming)
DREW B. MILLAR
drew.millar@dinsmore.com (*pro hac vice* forthcoming)
DINSMORE & SHOHL LLP
655 West Broadway
Suite 840
San Diego, CA 92101
Phone (619) 356-3518
Fax (619) 615-2082

Attorneys for Defendants
BEVERLY HEALTH AND REHABILITATION SERVICES, INC.;
GGNSC ADMINISTRATIVE SERVICES, LLC

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENNA AHMED, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BEVERLY HEALTH AND REHABILITATION SERVICES, INC.; GGNSC ADMINISTRATIVE SERVICES, LLC and Does 1-100, inclusive,<br><br>Defendants. | CASE NO. 1:16−at−00582<br><br>**ANSWER BY DEFENDANTS BEVERLY HEALTH AND REHABILITATION SERVICES, INC. AND GGNSC ADMINISTRATIVE SERVICES, LLC**<br><br>Action Filed:   July 25, 2016<br>Trial Date:      None Set |

Defendants Beverly Health and Rehabilitation Services, Inc. and GGNSC Administrative Services, LLC (hereinafter "Defendants") submit this Answer to the Complaint filed by Plaintiff Henna Ahmed.

## PARTIES

1. Defendants admit that Plaintiff was employed by Beverly Health and Rehabilitation Services, Inc. d/b/a Golden LivingCenter − Galt in Sacramento County, California from November 17, 2015 to the present. Defendants state that

the remaining allegations in Paragraph 1 of the Complaint are legal conclusions to which no response is required. In the event that the allegations are deemed factual in nature, Defendants deny them.

2. Defendants admit that Beverly Health and Rehabilitation Services, Inc. is a California corporation, authorized to do business in California. Defendants state that the remaining allegations in Paragraph 2 of the Complaint are legal conclusions to which no response is required. In the event that the allegations are deemed factual in nature, Defendants admit them.

3. Defendants admit that GGNSC Administrative Services, LLC is a Delaware limited liability company, authorized to do business in California. Defendants state that the remaining allegations in Paragraph 3 of the Complaint are legal conclusions to which no response is required. In the event that the allegations are deemed factual in nature, Defendants admit them.

4. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore deny the same.

5. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore deny the same.

6. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore deny the same.

### JURISDICTION AND VENUE

7. Defendants deny the allegations in Paragraph 7 of the Complaint.

### GENERAL ALLEGATIONS

8. Defendants state that Exhibit 1 cited in Paragraph 8 of the Complaint speaks for itself. Defendants deny any remaining allegations in Paragraph 8 of the Complaint.

9. Defendants state that Exhibit 2 cited in Paragraph 9 of the Complaint speaks for itself. Defendants deny any remaining allegations in Paragraph 9 of the Complaint.

10. Defendants state that Exhibit 3 cited in Paragraph 10 of the Complaint speaks for itself. Defendants deny any remaining allegations in Paragraph 10 of the Complaint.

11. Defendants state that Exhibit 4 cited in Paragraph 11 of the Complaint speaks for itself. Defendants deny any remaining allegations in Paragraph 11 of the Complaint.

12. Defendants state that Exhibit 5 cited in Paragraph 12 of the Complaint speaks for itself. Defendants deny any remaining allegations in Paragraph 12 of the Complaint.

13. Defendants state that Exhibits 6 and 7 cited in Paragraph 13 of the Complaint speak for themselves. Defendants deny any remaining allegations in Paragraph 13 of the Complaint.

14. Defendants state that Exhibit 6 cited in Paragraph 14 of the Complaint speaks for itself. Defendants deny any remaining allegations in Paragraph 14 of the Complaint.

15. Defendants state that Exhibit 8 cited in Paragraph 15 of the Complaint speaks for itself. Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Defendants state that Exhibit 9 cited in Paragraph 16 of the Complaint speaks for itself. Defendants deny any remaining allegations in Paragraph 16 of the Complaint.

17. Defendants state that Exhibit 10 cited in Paragraph 17 of the Complaint speaks for itself. Defendants deny any remaining allegations in Paragraph 17 of the Complaint.

/ / /

DEFENDANTS' ANSWER TO COMPLAINT

18. Defendants state that Exhibit 11 cited in Paragraph 18 of the Complaint speaks for itself. Defendants deny any remaining allegations in Paragraph 18 of the Complaint.

19. Defendants state that the Exhibits cited in Paragraph 19 of the Complaint speak for themselves. Defendants deny any remaining allegations in Paragraph 19 of the Complaint.[1]

20. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore deny the same.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants admit the allegations in Paragraph 23 of the Complaint insofar as Defendants are aware of section 226 of the California Labor Code. Defendants deny any remaining allegations in Paragraph 23 of the Complaint.

24. Defendants admit the allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants admit that Plaintiff missed several days of work in April 2016. Defendants also admit Plaintiff produced notes from a medical provider to explain the absences. Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30. Defendants state that Exhibits 19 and 20 cited in Paragraph 30 of the Complaint speak for themselves. Defendants admit the allegations in Paragraph 30 of the Complaint.

---

[1] Exhibit 14 shows a business entity search for "Golden Living," not "Golden Living Center," as stated in the Complaint.

1  31. Defendants deny the allegations in Paragraph 31 of the Complaint.

2  32. Defendants state that Exhibit 21 cited in Paragraph 32 of the Complaint speaks for itself.  Defendants deny any remaining allegations in Paragraph 32 of the Complaint.

33. Defendants state that Exhibit 22 cited in Paragraph 33 of the Complaint speaks for itself.

34. Defendants state that Exhibit 23 cited in Paragraph 34 of the Complaint speaks for itself.

35. Defendants state that Exhibit 24 cited in Paragraph 35 of the Complaint speaks for itself.

36. Defendants state that Exhibit 25 cited in Paragraph 36 of the Complaint speaks for itself.

## CLASS ACTION ALLEGATIONS

37. Defendants deny the allegations in Paragraph 37 of the Complaint and specifically deny that class action certification is appropriate in this case.

38. Defendants deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny the allegations in Paragraph 39 of the Complaint.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants deny the allegations in Paragraph 45 of the Complaint.

46. Defendants deny the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

/ / /

/ / /

/ / /

## PRIVATE ATTORNEY GENERAL ACT ALLEGATIONS

48. Defendants state that the statutory section cited in Paragraph 48 of the Complaint speaks for itself. Defendants deny the remaining allegations in Paragraph 48 of the Complaint.

49. Defendants state that the statutory section cited in Paragraph 49 of the Complaint speaks for itself. Defendants deny the remaining allegations in Paragraph 49 of the Complaint.

50. Defendants state that the allegations in Paragraph 50 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 50 of the Complaint.

51. Defendants state that the statutory section cited in Paragraph 51 of the Complaint speaks for itself. Defendants deny the remaining allegations in Paragraph 51 of the Complaint.

52. Defendants state that the statutory section cited in Paragraph 52 of the Complaint speaks for itself. Defendants deny the remaining allegations in Paragraph 52 of the Complaint.

53. Defendants state that the statutory section cited in Paragraph 53 of the Complaint speaks for itself. Defendants deny the remaining allegations in Paragraph 53 of the Complaint.

54. Defendants state that Exhibit 23 cited in Paragraph 54 of the Complaint speaks for itself. Defendants deny any remaining allegations in Paragraph 54 of the Complaint.

55. Defendants state that the allegations in Paragraph 55 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 55 of the Complaint.

/ / /

/ / /

/ / /

# FIRST CAUSE OF ACTION
# VIOLATION OF LABOR CODE § 226
**(Failure to Provide Accurate Itemized Wage Statements Against Defendants and Does 1-100)**

56. Defendants reassert and incorporate by reference each and every response set forth in this Answer.

57. Defendants state that the statutory section cited in Paragraph 57 of the Complaint speaks for itself. Defendants deny the remaining allegations in Paragraph 57 of the Complaint.

58. Defendants state that the allegations in Paragraph 58 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 58 of the Complaint.

59. Defendants state that the allegations in Paragraph 59 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants deny the allegations in Paragraph 60 of the Complaint.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

# SECOND CAUSE OF ACTION
# VIOLATION OF LABOR CODE § 226
**(Failure to Maintain Copies of Accurate Itemized Wage Statements Against Defendants and Does 1-100)**

62. Defendants reassert and incorporate by reference each and every response set forth in this Answer.

63. Defendants state that the allegations in Paragraph 63 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63 of the Complaint.

64. Defendants deny the allegations in Paragraph 64 of the Complaint.

65. Defendants deny the allegations in Paragraph 65 of the Complaint.

///
///
///

### THIRD CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE SECTION 12940(a)
### (Disability Discrimination Against Defendants and Does 1-100)

66. Defendants reassert and incorporate by reference each and every response set forth in this Answer.

67. Defendants state that the statutory section cited in Paragraph 67 of the Complaint speaks for itself. Defendants deny the remaining allegations in Paragraph 67 of the Complaint.

68. Defendants deny the allegations in Paragraph 68 of the Complaint.

69. Defendants state that the allegations in Paragraph 69 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69 of the Complaint.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint.[2]

### FOURTH CAUSE OF ACTION
### VIOLATION OF GOVERNMENT CODE SECTION 12940(a)
### (Disability Discrimination Against Defendants and Does 1-100)

73. Defendants reassert and incorporate by reference each and every response set forth in this Answer.

74. Defendants state that the statutory section cited in Paragraph 74 of the Complaint speaks for itself. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.[3]

---

[2] Defendants are confused as to Plaintiff's reference to "Titus" in this Paragraph.

[3] Defendants are, again, confused by Plaintiff's reference to "Titus."

## PRAYER FOR RELIEF

The Defendants acknowledge Plaintiffs' Prayer for Relief, but deny that Plaintiffs are entitled to any type of remedy, relief, or damages, including the relief requested therein.

With respect to any allegations contained in Plaintiff's Complaint that have not been affirmatively admitted, Defendants deny same.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action fail to state facts sufficient to constitute a cause or causes of action against these answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action are barred in whole or in part by the limitations periods specified in the California Code of Civil Procedure, the California Business and Professions Code, and any other applicable limitations period.

### THIRD AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action are barred either in whole or in part by Plaintiff's and/or the purported class members' failure to mitigate their alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action are barred either in whole or in part by the doctrines of waiver, consent, estoppel, unclean hands, and other equitable bases.

/ / /

/ / /

/ / /

### FIFTH AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action are barred because any and all conduct of which Plaintiff complains that is attributed to Defendants was a just and proper exercise of management discretion and was undertaken without malice for a fair and honest reason and regulated by good faith and probable cause under the circumstances existing at the time of Plaintiff's employment.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint and each of its purported causes of action are barred because the actions of which Plaintiff complains were taken in the exercise of management discretion and based on legitimate business reasons.

### SEVENTH AFFIRMATIVE DEFENSE

Any allegedly wrongful acts undertaken by Defendants' alleged employees or agents were not within the scope of their employment or agency in order to impose liability on Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants have complied with all applicable statutes and regulations.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff and/or the members of the purported class did not suffer damages attributable to the action or inaction of Defendants as alleged in Plaintiff's Complaint.

### TENTH AFFIRMATIVE DEFENSE

At all relevant times as alleged in Plaintiff's Complaint, Defendants had a subjective good faith belief that Defendants' treatment of Plaintiff and members of the purported class while they were employed by Defendants was appropriate and required as a business necessity and did not constitute actionable conduct, and Defendants' good faith belief as described above was reasonable.

/ / /

/ / /

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action cannot be maintained because administrative statutory prerequisites to suit have not been fulfilled.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants took prompt remedial action in addressing Plaintiff's complaints.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff and/or members of the purported class failed to avail themselves of available internal policies and procedures for complaints.

### FOURTEENTH AFFIRMATIVE DEFENSE

At all times, Defendants' treatment of Plaintiff and all purported class members was in good faith, in conformity with and in reliance upon a written administrative regulation, order, ruling or interpretation of the federal Department of Labor Wage and Hour Division, the California Labor Commissioner, the California Industrial Welfare Commission, and/or on administrative practices and policies applicable to the Individual Defendants by federal and state agencies.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and all purported class members have received payment for all wages due and owing.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege that the claims of Plaintiff and the purported class members are barred by the breach of their own duties owed to Defendants under the California Labor Code.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for penalties because Defendants did not willfully or intentionally violate the California Labor Code.

///

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege that Plaintiff and the purported class, by reason of their acts, conduct and omissions, have waived and/or release their right, if any, to obtain the relief sought in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants allege that, assuming Plaintiff and/or members of the purported class are entitled to any unpaid wages, which they are not, Defendants are entitled to a credit or set off.  This credit or set off includes but is not limited to, amounts erroneously overpaid to Plaintiff and/or members of the purported class as well as work performed not to the benefit of Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims alleged herein by Plaintiffs on behalf of some or all of the putative class members are barred by the doctrines of settlement, waiver, and release.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants allege that their business practices, including, but not limited to, the terms of their employment agreements and compensation policies, were not unfair, unlawful, or deceptive within the meaning of the California Business and Professions Code section 17200, et seq. or contrary to public policies of the State of California.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The proposed class of Plaintiffs is inappropriate under Rule 23 of the Federal Rules of Civil Procedure because those individuals are not similarly situated to Plaintiff Ahmed.

/ / /

/ / /

/ / /

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The proposed class(es) of Plaintiffs is inappropriate because individual questions of liability and damages predominate over common questions of law and fact so that no well-defined community of interest exists between Plaintiff and the other members of the purported class.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The proposed class(es) of Plaintiffs is inappropriate because the purported class is unmanageable and therefore this purported class action is not superior to other available methods for the fair and efficient adjudication of the controversy.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The proposed class of Plaintiffs is inappropriate because Plaintiff Ahmed is a not proper or adequate class representative.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's class allegations are barred because Plaintiff cannot satisfy the requirements of California Code of Civil Procedure section 382, including, but not limited to the requirements of commonality, typicality, adequate representation or superiority.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

This suit may not be properly maintained as a class action, because Plaintiff has failed to plead, and cannot establish, the necessary procedural elements for, class treatment.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action, because the putative class is not so numerous that joinder of all members would be impractical or inadvisable.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

This action may not be maintained as a class action, because certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of these answering Defendants' procedural and substantive rights to trial by

jury and/or to substantive and/or procedural due process in violation of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of the California Constitution.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims against these answering Defendants are frivolous, unreasonable and groundless and, accordingly, these answering Defendants should recover all costs and attorney's fees incurred herein.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for relief under PAGA should be dismissed because the statutory and/or regulatory provisions on which Plaintiffs' claims are based constitute an improper delegation of legislative authority to an administrative agency.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Prosecuting a representative action under PAGA, based upon the facts and circumstances of this case, would be an unconstitutional denial of the Defendants' rights contained in the United States and California Constitutions, including, but not limited to, the due process clause of the Fourteenth Amendment to the United States Constitution, and Article I, Section 7 of the California Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

An award of penalties against the Defendants would be an unconstitutional denial of the Defendants' right to equal protection under the Fourteenth Amendment to the United States Constitution and Article I, Section 3, of the California Constitution.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Prosecuting a representative action to recover penalties under PAGA against the Defendants would violate the constitutionally based separation of powers doctrine by impermissibly usurping prosecutorial authority assigned to the executive branch of government by the California Constitution and impermissibly delegated

by PAGA to private attorneys without essential safeguards, including continuing oversight or control by the executive branch.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Prosecuting a representative action to recover penalties under PAGA against the Defendants would violate the constitutionally based separation of powers doctrine by impermissibly usurping the power to regulate lawyers, including the power to promulgate the rules by which such lawyers may or may not pursue claims to benefit the State or other public bodies. These powers are assigned to the judicial branch and have been exercised by the judicial branch. PAGA impermissibly legislates in contravention of those powers including by delegating power to private attorneys to pursue claims on terms not sanctioned by the judicial branch or the rules regulating the legal profession.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for violation of the California Fair Employment and Housing Act are barred by the limitations periods specified in California Government Code Sections 12960 and 12965, and any other applicable limitations period.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

These answering Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available. Therefore, these answering Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendants request that judgment be entered as follows:

1.  That the Complaint be dismissed with prejudice and that Plaintiff takes nothing thereby;

///

    2.  For their costs of suit, including reasonable attorneys' fees; and

    3.  For such other and further relief as the Court may deem just and proper.

DATED: September 30, 2016   DINSMORE & SHOHL LLP


            By: /s/ Jessica G. Wilson
              JESSICA G. WILSON (254366)
              CHARLES M. ROESCH
              (*pro hac vice* forthcoming)
              DREW B. MILLAR
              (*pro hac vice* forthcoming)

              Attorneys for Defendants
              BEVERLY HEALTH AND
              REHABILITATION SERVICES, INC.;
              GGNSC ADMINISTRATIVE SERVICES, LLC

## **CERTIFICATE OF SERVICE**

I certify that, on the date specified below, this document filed through the CM/ECF system was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and served by United States mail to all unregistered participants.

Dated:  September 30, 2016                              /s/ Jessica G. Wilson