1  JESSICA G. WILSON (SBN 254366)
   jessica.wilson@dinsmore.com
2  CHARLES M. ROESCH
   chuck.roesch@dinsmore.com (*pro hac vice* pending)
3  DREW B. MILLAR
   drew.millar@dinsmore.com (*pro hac vice* pending)
4  DINSMORE & SHOHL LLP
   655 West Broadway
5  Suite 840
   San Diego, CA 92101
6  Phone (619) 356-3518
   Fax (619) 615-2082

7  Attorneys for Defendants
   BEVERLY HEALTH AND REHABILITATION SERVICES, INC.;
8  GGNSC ADMINISTRATIVE SERVICES, LLC

9

10                    UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF CALIFORNIA
11

12  HENNA AHMED, an individual,              CASE NO. 2:16−cv-01747-WBS-KJN

13            Plaintiff,                     **STIPULATED PROTECTIVE ORDER**

14        v.
                                            Action Filed:    July 25, 2016
15  BEVERLY HEALTH                          Trial Date:      March 13, 2018
    AND REHABILITATION SERVICES,
16  INC.; GGNSC ADMINISTRATIVE
    SERVICES, LLC and Does 1-100, inclusive,
17

18            Defendants.

19

20        In order to facilitate the production of documents in this case, yet protect the Parties'

21  confidences and proprietary interests, and in order to comply with the Health Insurance Portability

22  and Accountability Act (HIPAA) regulations, specifically 45 C.F.R. § 164.512(e), which sets forth

23  the requirements for disclosure of Protected Health Information in the course of a judicial

24  proceeding, as well as the Graham-Leach-Bliley Act, which sets forth the requirements for

25  confidentiality of personal information (such as financial information), the Parties have agreed that

26

27  confidential or proprietary documents and information should be kept confidential, used only for

28

STIPULATED PROTECTIVE ORDER

purposes of this litigation, and disclosed only to certain designated persons.  The Court being sufficiently advised, and with the agreement of the Parties, the Court hereby orders the following, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule 141.1:

1.	"Confidential" information shall specifically include, but shall not be limited to, Defendants' proprietary information (including internal policies and procedures), documents with private information regarding third parties, and protected health information ("PHI"), as that term is defined in HIPAA and its accompanying Standards for Privacy of Individually Identifiable Health Information ("the Privacy Rule") and Security Standards for the Protection of Electronic Protected Health Information ("the Security Rule") codified at 45 C.F.R. Parts 160 and Part 164, Subparts A, C, and E, as amended by the HITECH Act and its implementing regulations, and personal information ("PI"), as that term is defined in the Graham-Leach-Bliley Act ("GLB Act"), that is in the possession of any party and is requested to be produced in this litigation.  PHI includes Electronic Protected Health Information or "ePHI" as that term is defined by the Security Rule.

2.	Unless and until otherwise ordered by this Court or consented to in writing by the parties, all documents, tangible materials, and/or information produced and designated as "Confidential Information" shall be made available only to "Qualified Persons" as defined in paragraph 3, below, who shall be advised of this Order and that disclosure of such Confidential Information is not permitted as to anyone who is not a Qualified Person hereunder.

3.	This Order applies to all documents, tangible materials and/or information produced by Plaintiff and Defendants and any third-party (not a party to this litigation) that contain or consist of information believed to be subject to protection and which are in good faith designated by Plaintiff or Defendants as "Confidential Information" pursuant to Paragraph 5, below.  This Protective Order shall be construed as requiring the parties to produce all relevant

2

STIPULATED PROTECTIVE ORDER

PHI and PI, and shall be considered a Court Order that satisfies the HIPAA Privacy Rule and GLB Act requirements that a court order be obtained prior to disclosure of PHI or PI.

Unless otherwise ordered by this Court, all such Confidential Information:

(a) shall be revealed only to the persons desinged as "Qualified Persons" under paragraph 4, below;

(b) shall be used solely in accordance with the terms of this Order and in connection with the preparation for trial of this case and any appeals therefrom;

(c) shall not be used or communicated for any business, commercial, or other purpose;

(d) shall be maintained in strict confidence by the party to whom it is produced; and

(e) shall, if to be filed with the Court after the granting of a Request to Seal, be placed in a sealed envelope, or other appropriate sealed container.

Nothing contained in this Agreement shall be construed as giving any person advance permission to file a document under seal.  No document treated as confidential under this Order may be filed under seal unless the court, on separate motion for good cause shown, grants leave to file under seal.

4.      The term "Qualified Persons" as used in this Order shall include only the following:

(a) Plaintiff;

(b) Counsel of record for both parties and all attorneys, paralegals, and employees of the law firm of such counsel of record assisting in the preparation for trial of this case;

(c) Defendants' designated employees assisting in the preparation for trial of this case;

(d) experts who are assisting counsel of record in the preparation for trial of this case;

(e) the judge, and any court personnel and reporter assigned to this case;

3

STIPULATED PROTECTIVE ORDER

(f) any witness deposed in this case who in the good faith opinion of counsel of record must be deposed about the contents of any documents or information subject to this Order in preparation for the trial of this case; and

(g) any court reporter necessary for such deposition.

5.      All "Confidential Information" that is subject to this Order shall be designated or labeled in the following manner:   there shall be placed clearly on the face of such Confidential Information a designation which adequately identifies it as subject to the terms of this Order, such as a stamp reading "Confidential."  If such Confidential Information consists of a document that has multiple pages, the Confidential designation shall be placed on each page of the document.

6.      Prior to making any Confidential Information available to any Qualified Person, counsel for the party making any Confidential Information available shall be responsible for providing the Qualified Person with a copy of this Order and ensuring that the Qualified Person understands this Order and the obligations imposed upon Qualified Persons as set forth herein, including the obligation to return all such Confidential Information as noted in Paragraph 8.   Any person to whom PHI or PI is provided pursuant to this Protective Order shall be shown a copy of this Order and acknowledge in writing that he/she shall be subject to its terms.

7.      The Parties shall refrain from referring in open court to any Confidential documents or information, except under such conditions and safeguards, such as *in camera* proceedings, as the Court may impose to protect against its disclosure.  Counsel for the parties hereby consent to and agree not to object to a request for such an *in camera* proceeding. The Clerk of Court shall retain PHI and PI identified by the Parties in the Court file or received into evidence by the Court and, upon completion of the case, shall destroy such records in accordance with all applicable Rules of Court.

4

STIPULATED PROTECTIVE ORDER

8.      At the completion of the case, upon written request of counsel, any and all copies of discovery provided by a party pursuant to this Protective Order and/or the data and information contained therein, and any other discovery designated "Confidential Information" in the possession of persons other than the Court, shall be returned to the producing party's counsel of record.

9.      Any party who questions or challenges whether any particular information should be designated as "Confidential" shall first contact the party designating the information "Confidential" to discuss the matter and attempt to reach a mutually-agreeable resolution of the matter.

If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.   Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.   Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.   In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.   Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is

5

STIPULATED PROTECTIVE ORDER

entitled under the Producing Party's designation until the court rules on the challenge.

10.     The parties acknowledge and understand that the Court retains its inherent right to alter the provisions of this Protective Order when the Court believes the interests of justice will be served by any such alteration.  The parties further agree that they may apply to the Court for modification of the Order.

**SO ORDERED**, except that the Clerk of Court shall not return to the parties, or destroy, Confidential materials filed under seal upon completion of the action.  Such materials shall be retained under seal in the court's records, pursuant to the court's regular procedures.

Dated:  January 11, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**WE AGREE TO THE FOREGOING ORDER:**

Dated: January 9, 2017                    DINSMORE & SHOHL

By:     /s/ Andrew B. Millar
        Andrew B. Millar
        Attorney for Defendants

MAYALL HURLEY

By:    /s/ Robert Wasserman (w/permission)
        Robert Wasserman
        Attorney for Plaintiff

STIPULATED PROTECTIVE ORDER